COOLEY LLP
TIANA A. DEMAS (*admitted pro hac vice*)
tdemas@cooley.com
110 N. Wacker Drive, Suite 4200
Chicago, Illinois  60606-1511
Telephone:     +1 312-881-6500
Facsimile:     +1 312-881-6598

REBECCA GIVNER-FORBES (*admitted pro hac vice*)
rgf@cooley.com
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

JUDD D. LAUTER (CA Bar No. 290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>DOES 1–3,<br><br>                    Defendants. | Case No. 5:23-cv-05823-VKD<br><br>**PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE**<br><br>Date:         January 9, 2024<br>Time:        10:00 a.m.<br>Dept:        Courtroom 2 – 5th Floor<br>Judge:       Hon. Virginia K. DeMarchi |

1    **PLEASE TAKE NOTICE** that on January 9, 2024 at 10:00 am, or as soon thereafter as

2  this matter may be heard before Judge Virginia K. DeMarchi in Courtroom 2, 5th Floor at 280 South

3  1st Street, San Jose, CA 95113, Plaintiff Google LLC will move this Court for an order under

4  Federal Rule of Civil Procedure 4(f)(3) authorizing service on Defendants John Does 1-3 via email

5  and mobile phone. This motion is based upon this notice, the following memorandum of points and

6  authorities, the declarations of David Youssef and Judd Lauter and attached exhibits, the pleadings

7  and papers on file, all other matters of which the Court may take judicial notice, and oral argument

8  of counsel, should the Court request it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.     INTRODUCTION**

As set forth in Plaintiff Google LLC's ("Google") Complaint, Defendants are three unknown individuals located in Vietnam, who pretend to be affiliated with Google on social media pages, posts, and advertisements to trick members of the public into downloading malware. ECF No. 1 ("Compl.") ¶¶ 32-45.  Specifically, Defendants control a number of social media pages under names such as "Google AI," "AIGoogle," "AiGoogle," and "AIGoogle.Plus," among others. Defendants use those pages to publish advertisements and other posts inviting users to download "free" and/or unpublished versions of Google artificial intelligence ("AI") software. *Id.*.  Each such advertisement or post directs victims to Google Drive links and Google Sites websites controlled by Defendants, from which "Google" AI products supposedly can be downloaded. *Id.* ¶¶ 37-40. In reality, downloading files from Defendants' Google Drive links and websites causes malware to install on the user's device. *Id.* ¶ 40.  The malware collects and sends the users' social media login credentials to Defendants, which then enables Defendants to access and manipulate the victims' accounts to further their malware campaign.  *Id.*  Defendants' conduct violates Google's trademark rights and breaches its Terms of Service. *Id.* ¶¶ 60-85.

Despite its diligent efforts, Google cannot identify Defendants' precise physical addresses. Google therefore brings this motion for permission to serve Defendants via email and text under Federal Rule of Civil Procedure 4(f)(3).

Alternative methods of service under Rule 4(f)(3) are valid when they are (1) authorized by a court, (2) not prohibited by international agreement, and (3) likely to provide actual notice to the defendant. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–16 (9th Cir. 2002). Each of these requirements is satisfied here. Defendants are based in Vietnam and, possibly, India. Although Google has many active email addresses and phone numbers for Defendants, Google does not have their legitimate physical addresses. As explained below, courts routinely authorize service by email and text message on foreign defendants where physical service is not feasible. Furthermore, no international agreement prohibits service by email or text message on defendants in Vietnam or India. Finally, alternative service would provide Defendants with adequate notice of this lawsuit, as they conduct their unlawful activities entirely online, and according to Google's

COOLEY LLP
ATTORNEYS AT LAW

1   records, the five email addresses and phone numbers that Google proposes using to effect service

2   are active. Accordingly, Google respectfully requests that the Court authorize service by email and

3   text message.

4   **II.    BACKGROUND**

5       Defendants use Google's services, including Google Drive and Google Sites, to carry out

6   their fraudulent activities. *See* Compl. ¶¶ 46-47.  In order for Defendants to access these Google

7   services, they were first required to establish an account with Google ("Google Account") and, in

8   turn, provide Google with an active email address. *Id.* ¶ 48.  Google has thoroughly investigated

9   the Google Accounts, social media accounts, and malware associated with Defendants' scheme.

10  *See* Declaration of Judd Lauter ("Lauter Decl.") ¶¶ 3-6, 17.  In the course of this investigation,

11  Google identified five active Gmail addresses and several phone numbers associated with the

12  Google Drive and Google Sites accounts Defendants used to distribute their malware (i.e., by

13  storing the malware on those accounts and linking to them in social media posts and ads):

| Gmail Account | Last Login | Last Login Country | Associated Phone Number |
|---|---|---|---|
| nguyenthianhquyen071992@gmail[.]com | August 9, 2023 | Vietnam | +84964555444 |
| shubhamkumar40469@gmail[.]com | August 17, 2023 | Vietnam | N/A |
| caldwellroxie27@gmail[.]com | October 11, 2023 | Vietnam | N/A |
| nguyentshoppi1@gmail[.]com | October 16, 2023 | Vietnam | +84327776504 |
| marketingmymine@gmail[.]com | November 7, 2023 | India | +918302343958 |

19  *See Id.* ¶¶ 11-15.  The recent use of these Gmail addresses provides good reason to believe that

20  Defendants can receive service via these alternative methods.

21      Various factors indicate that three individuals are behind these five accounts.  Declaration

22  of David Youssef ("Youssef Decl.") ¶ 7.  In particular, Google engaged a third-party forensic

23  investigation firm to examine the malware Defendants distributed via their social media posts, ads,

24  and pages. *Id.* ¶¶ 1-3, 8.  Each malware variant contained hard-coded tokens, which appeared

25  designed to track which of the Defendants had successfully exfiltrated data from victims' browsers.

26  *Id.* ¶ 7.  Notably, Defendants used the same token for multiple unique malware variants, suggesting

27  that the token serves to identify the person who had distributed the malware, and not the malware

28  variant. *Id* The forensic investigation firm identified three distinct tokens, which is consistent with

1  three distinct people. *Id.*

2  　　To set up their Google Accounts, Defendants were neither required to, nor did they, provide

3  physical addresses to Google. Lauter Decl. ¶ 17. Google has conducted an investigation—including

4  using subscriber records for the Google Accounts and open-source information—in an effort to

5  identify a precise physical location or street address where Defendants can be served. *Id.* ¶¶ 3-6,

6  17. Despite these efforts, Google has not found any such locations or addresses. *Id.* ¶ 17.

7  Accordingly, physical service on Defendants (e.g., by hand, mail, or courier) is not feasible in this

8  case. Google therefore seeks authorization to serve Defendants by email and text message.

9  **III.    ARGUMENT**

10  　　Federal Rule of Civil Procedure 4(f)(3) permits a plaintiff to serve a person in a foreign

11  country "by other means not prohibited by international agreement, as the court orders." Fed. R.

12  Civ. P. 4(f)(3). Alternative methods of service are valid if they are (1) authorized by a court, (2) not

13  prohibited by international agreement, and (3) "reasonably calculated, under all the circumstances,

14  to apprise interested parties of the pendency of the action and afford them an opportunity to present

15  their objections." *Rio*, 284 F.3d at 1014–16 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*,

16  339 U.S. 306 (1950)). Service under Rule 4(f)(3) "is as favored as service available under Rule

17  4(f)(1) [via the Hague Convention] or Rule 4(f)(2) [under the foreign country's laws]" and stands

18  "on equal footing" with other methods of international service. *Rio*, 284 F.3d at 1015. A plaintiff

19  seeking permission to serve a foreign defendant via alternative methods "need not have attempted

20  every permissible means of service of process before petitioning the court for alternative relief"

21  and instead need only "demonstrate that the facts and circumstances of the present case necessitate[]

22  the district court's intervention." *Id.* at 1016. Indeed, courts in this District regularly allow service

23  under Rule 4(f)(3) in the first instance. *See, e.g.*, *Google LLC v. Ntse*, No.  5:22-CV-02244,   ECF

24  No. 16 (N.D. Cal. April 26, 2022) (granting alternative service upon defendant in Cameroon via

25  email and text message); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-cv-04543-

26  EJD, 2019 WL 8810350, at *2–3 (N.D. Cal. Jan. 10, 2019) (there is "no requirement that Plaintiff

27  attempt service of Defendant at its physical address as a precondition to the court authorizing

28  alternative service pursuant to Rule 4(f)(3)"); *Cisco Sys., Inc. v. Wuhan Wolon Commc'n Tech.* Co.,

1   No. 5:21-CV-04272-EJD, 2021 WL 4962661 at *12–13 (N.D. Cal. July 23, 2021).

2         As discussed below, service by email and text message does not violate any international

3   agreement and satisfies due process.

4         **1.     Service by Email and Text Message Does Not Violate Any International
              Agreement.**

5

6         Email service in this case is not barred by international agreement. Defendants are located

7   in Vietnam and, potentially, India, which are signatories to the Hague Convention treaty. *See Zoho*

8   *Corp. v. Target Integration, Inc.*, No. 23-CV-00054-SI, 2023 WL 2837676, at *3 (N.D. Cal. Apr.

9   7, 2023).  However, the Convention "does not apply where," as here, "the address of the person to

10  be served with the document is not known." Hague Conv., Art. 1; *see also Future Motion, Inc. v.*

11  *Doe*, No. 21-cv-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021) (permitting service

12  by email and holding that Hague Convention "does not apply where the address of the person to be

13  served with the document is not known." (internal quotations omitted)); *Goes Int'l, AB v. Dodur*

14  *Ltd*., No. 14–CV–5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).

15        Courts "have generally found that an address is 'not known' if a plaintiff exercised

16  reasonable diligence in attempting to discover the address and was unsuccessful in doing so."

17  *Indragro, S.A. v. Nilva*, No. 07–cv–03742 (SDW)(MCA), 2014 WL 1515587, at *4 (D. N.J. Apr.

18  17, 2014); *see also Future Motion, Inc.*, 2021 WL 3052594, at *2 (granting motion to serve by

19  email after plaintiff could not locate defendant's address via online search and after defendant did

20  not respond to plaintiff's email request for physical address); *Zynga Game Network Inc. v. Goh*,

21  4:09-cv-05297-SBA (BZ) at *1 (N.D. Cal. May 28, 2010) (granting motion to serve by email after

22  plaintiff was unable to confirm defendant's address from information obtained via third-party

23  discovery); *but see Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 258–59 (N.D. Cal. 2018) (refusing

24  to allow service via email for additional defendants because, unlike previous motion for alternative

25  service, plaintiff "has not provided evidence that the locations of the Additional Defendants are

26  unknowable").

27        Here, Google  conducted a diligent investigation to try to determine the Defendants' precise

28  physical addresses. *See* Lauter Decl. ¶¶ 3-6, 17.  Google has searched Defendants' Google Accounts

records, which do not contain Defendants' physical addresses. *Id.*  Google also has devoted significant time and resources investigating open source materials that might lead to information about the Defendants' locations. *Id.* Despite these efforts, Google could not identify Defendants' precise physical locations or addresses. *Id.* Google has thus undertaken "reasonable diligence" to discover Defendants' addresses such that alternative service under Rule 4(f)(3) is warranted. *See Future Motion, Inc.*, 2021 WL 3052594, at *2.

### 2.       Service by Email and Text Message Satisfies Due Process.

Federal Rule of Civil Procedure 4(f)(3) provides that a plaintiff may serve foreign defendants "by other means not prohibited by international agreement, as the court orders," if the alternative means of service comports with the requirements of due process. See Fed. R. Civ. P. 4(f)(3); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). An alternative means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see also Rio Props.*, 284 F.3d at 1016−17.

Courts in this Circuit routinely find that service via email satisfies due process. *See, e.g., See Future Motion, Inc. v. Doe*, No. 21-cv-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021) (permitting service by email and holding that Hague Convention "does not apply where the address of the person to be served with the document is not known." (internal quotations omitted)); *Goes Int'l, AB v. Dodur Ltd.*, No. 14–CV–5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same); *WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-CV-04543-EJD, 2019 WL 8810350, at * 2-3 (N.D. Cal. Jan. 10, 2019); *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2017 WL 10820533, at *2–3 (N.D. Cal. Dec. 20, 2017); *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 4196273, at *13–14 (N.D. Cal. July 20, 2020).  "Service of process under Rule 4(f)(3) 'is neither a "last resort" nor "extraordinary relief,"' but rather 'one means among several which enables service of process on an international defendant.'" *United States v. Pomerantz*, No. 16-0689JLR, 2017 WL 1037552, at *2 n.1 (W.D. Wash. Mar. 17, 2017) (quoting *Rio Props*, 284 F.3d at 1014−15). Similarly, there is no preference

1   in the rules between service under FRCP 4(f)(1) or 4(f)(2), and alternative service under Rule

2   4(f)(3). "Rule 4(f) does not create a hierarchy of preferred methods of service of process and, court-

3   directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)."

4   *Craigslist, Inc. v. Meyer*, No. C 09-4739 SI, 2010 WL 2975938, at *1 (N.D. Cal. July 26, 2010)

5   (citation and internal quotation marks omitted); *see also Rio Props.*, 284 F.3d at 1014−15 (there is

6   "no support" for the argument that Rule 4(f) "create[s] a hierarchy of preferred methods of service

7   of process").

8        In *Rio Props.*, for example, the Ninth Circuit affirmed a district court's order authorizing

9   email service after the plaintiff could not locate a valid physical address for the defendant, which

10   operated an online sports gambling site. In finding that email service satisfied due process, the

11   Ninth Circuit observed that "when faced with an international ebusiness scofflaw, . . . email may

12   be the only means of effecting service of process." *Rio*, 284 F.3d at 1018.

13        Here, Google has identified five recently-accessed email addresses and three phone

14   numbers for Defendants. *See* Lauter Decl. ¶¶ 10, 13. Under these circumstances, there is a strong

15   likelihood that email service will "apprise [Defendant] of the pendency of the action and afford

16   [him] an opportunity to" respond. *Rio*, 284 F.3d at 1016. In addition, "combin[ing]" service via

17   email with service via text message to Defendant's phone number will reinforce its effectiveness."

18   *Juicero, Inc. v. Itaste Co.*, Case No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June

19   5, 2017); *see also Marvici v. Roche Facilities Maint. LLC*, 21 Civ. 4259 (PAE) (JLC), 2021 WL

20   5323748, at *4 (S.D.N.Y. Oct. 6, 2021) (approving service via text message as "one piece of a

21   multi-prong approach to service").

22   **IV.   CONCLUSION**

23        Google respectfully requests that the court authorize alternative service on Defendant via

24   email at caldwellroxie27@gmail[.]com, shubhamkumar40469@gmail[.]com,

25   marketingmymine@gmail[.]com, nguyentshoppi1@gmail[.]com, and

26   nguyenthianhquyen071992@gmail[.]com, and via text message at +84327776504, +84964555444,

27   and +918302343958.

28

COOLEY LLP
ATTORNEYS AT LAW

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:23-CV-05823-VKD

1   Dated: December 8, 2023                    Respectfully submitted,

2

3                                              By: */s/ Judd D. Lauter*

4                                                  Judd D. Lauter

5                                              COOLEY LLP
                                               TIANA DEMAS (*admitted pro hac vice*)
6                                              tdemas@cooley.com
                                               110 N. Wacker Drive, Suite 4200
7                                              Chicago, Illinois  60606-1511
                                               Telephone:   +1 312-881-6500
8                                              Facsimile:    +1 312-881-6598

9                                              REBECCA GIVNER-FORBES (*admitted pro
                                               hac vice*)
10                                             rgf@cooley.com
                                               1299 Pennsylvania Avenue, NW, Suite 700
11                                             Washington, DC 20004-2400
                                               Telephone:   (202) 842-7800
12                                             Facsimile:   (202) 842-7899

13                                             JUDD D. LAUTER (290945)
                                               jlauter@cooley.com
14                                             3 Embarcadero Center, 20th Floor
                                               San Francisco, CA 94111-4004
15                                             Telephone:   (415) 693-2000
                                               Facsimile:   (415) 693-2222

16

17                                             Attorneys for Plaintiff
                                               GOOGLE LLC

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

9