UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DOES 1-3,<br><br>        Defendant. | Case No. 23-cv-05823-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 15 |

Plaintiff Google LLC ("Google") moves for an order authorizing service of the complaint and summons in this action on unnamed defendants Does 1-3 by email and text message, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Dkt. No. 15. The Court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court grants Google's motion.

**I.   BACKGROUND**

According to the complaint, defendants are three unknown individuals who pretend to be affiliated with Google on social media pages, posts, and advertisements in order to trick members of the public into downloading malware. Dkt. No. 1 ¶¶ 32-45. On November 13, 2023, Google filed this action asserting that defendants' conduct violates its trademark rights and breaches its terms of service. *Id.* ¶¶ 60-85.

Google says that it does not know the three defendants' true names or their precise physical addresses, but it has been able to identify five Gmail addresses and three phone numbers associated with Google accounts used by defendants to distribute malware. Dkt. No. 15 at 4-5. In addition, Google's investigation indicates that defendants are located in Vietnam and, possibly, in

India. *Id.* at 4.

## II. LEGAL STANDARD

"Rule 4(f)(3) permits service in a place not within any judicial district of the United States by means not prohibited by international agreement as may be directed by the court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3)) (cleaned up). The rule does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.* at 1014-15 (cleaned up). Rule 4(f)(3) requires only that service be (1) directed by the court and (2) not prohibited by international agreement. *Id*. at 1014. Any alternative means of service must comport with due process, and thus "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016 (cleaned up). The determination whether the circumstances in a particular case require alternative service of process under Rule 4(f)(3) is a matter within the Court's discretion. *Id*.

## III. DISCUSSION

### A. International Agreement

Google contends that no international agreement prohibits its proposed alternative service. The Court agrees.

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") governs service of process on defendants outside the jurisdiction of the United States. However, the Convention does not apply where the address of the person to be served is not known. *See Future Motion, Inc. v. Doe*, No. 21-CV-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021) (quoting Article I of the Hague Convention). Google has diligently investigated defendants' true names and physical addresses, but has been unsuccessful in its efforts to identify their location for service of process at a physical address. Thus, defendants' addresses are not known.

Even assuming defendants are located in Vietnam and possibly in India—as Google's investigation suggests—service on defendants by email and text message is not prohibited by

international agreement. Both Vietnam and India are parties to the Hague Convention. *See* Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. Vietnam has not objected to any portion of the Convention, while India has objected to Article 10, which concerns service through "postal channels" and "directly through the judicial officers, official or other competent persons of the State of destination," neither of which modes of service is relevant here. *Id.*; Hague Service Convention, art. 10, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638; *Zoho Corp. v. Target Integration, Inc.*, No. 23-cv-00054-SI, 2023 WL 2837676, at *3 (N.D. Cal. Apr. 7, 2023).

Nothing in the Hague Convention itself prohibits alternative service by email, when such service is directed by a court. *See Flatsix, LLC v. Sylejmani*, No. 23-CV-02289-VKD, 2023 WL 5960770, at *2 (N.D. Cal. Aug. 31, 2023); *see also Zoho*, No. 23-cv-00054-SI, 2023 WL 2837676; *Wang v. Ehang Holdings Ltd.*, No. 20-cv-00569-BLF, 2020 WL 11891323, at *3 (N.D. Cal. June 29, 2020); *WeWork Cos., Inc. v. WePlus (Shanghai) Tech. Co., Ltd.*, No. 18-cv-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011). While few courts have considered the question, service by text message does not appear to violate the Convention either. *See Roth v. NFL Nat'l Freight, LTD*, No. 3:23-CV-1380-MAB, 2023 WL 6959077, at *3 n.1 (S.D. Ill. Oct. 20, 2023); *see also Juicero, Inc. v. Itaste Co.*, No. 17-CV-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017); *!Important Safety Techs. USA, Inc. v. Vizible Zone Ltd.*, No. 20-CV-08305-CRB, 2021 WL 4515411, at *3 (N.D. Cal. Mar. 15, 2021) (finding, respectively, that service by Facebook and LinkedIn message does not violate the Convention).

### B.    Due Process

Google has demonstrated that alternative service by email and text message is reasonably calculated to appraise defendants of the pendency of this action. First, the supporting declarations show that Google has diligently searched for a physical address at which to serve defendants and has found none. Dkt. No. 15-1 ¶¶ 8-9; Dkt. No. 15-2 ¶¶ 15-17; *cf. Astral IP Enter. Ltd. V. Apero*

3

1  *Techs. Grp.*, No. 23-CV-02853-JSC, 2023 WL 5498730, at *2 (N.D. Cal. Aug. 23, 2023) (denying
2  request for service by email because "Plaintiff has not met its burden of demonstrating
3  Defendant's address is not reasonably known").  Second, Google's own internal records show that
4  the five Gmail accounts in question are currently active and were last accessed between August 9,
5  2023 and November 7, 2023.  Dkt. No. 15-2 ¶¶ 9-11; *see also* Dkt. Nos. 15-3–15-7 (Google
6  subscriber information for the accounts).  This suggests that service by email is likely to reach
7  defendants and is reasonably calculated to provide them actual notice of this action.  *See Astral IP*
8  *Enter. Ltd.*, 2023 WL 5498730, at *2 (quoting *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186
9  PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013)) ("Service by email alone comports with
10 due process where a plaintiff demonstrates that the email is likely to reach the defendant.").  While
11 some courts have expressed doubt about whether service by text message alone comports with due
12 process, *e.g. Roth*, 2023 WL 6959077, at *2, other courts have approved the use of text messages
13 "as but one piece of a multi-prong approach to service."  *Marvici v. Roche Facilities Maint. LLC*,
14 No. 21 CIV 4259 (PAE) (JLC), 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021); *see also Kumar*
15 *v. Alhunaif*, No. 23-CV-321 (DEH), 2023 WL 8527671, at *4 (S.D.N.Y. Dec. 8, 2023); *Citizens*
16 *Bank, N.A. v. Glob., LLC*, No. 20-10707, 2020 WL 9600783, at *5 (E.D. Mich. June 9, 2020).

17  In the circumstances presented, the Court concludes that Google's proposal for alternative
18 service appears to be "the method of service most likely to reach [defendants]."  *See Rio*
19 *Properties, Inc.*, 284 F.3d at 1017.

20 **IV.    CONCLUSION**

21  For the foregoing reasons, the Court grants Google's motion for authorization to serve
22 defendants by alternative means.  Google may serve defendants Does 1-3 by sending the summons
23 and complaint by email and text message to the email addresses and associated phone numbers
24 listed below:

| Gmail Account | Associated Phone Number |
| --- | --- |
| nguyenthianhquyen071992@gmail[.]com | + 84964555444 |
| shubhamkumar40469@gmail[.]com | n/a |
| caldwellroxie27@gmail[.]com | n/a |

4

| | |
|---|---|
| nguyentshoppi1@gmail[.]com | + 84327776504 |
| marketingmymine@gmail[.]com | + 918302343958 |

Until defendants appear in this matter, or the Court orders otherwise, Google may serve defendants with any other documents that require service in this case via the email addresses and phone numbers above. Service shall be deemed effective on the date the emails and text message are sent. If at any time Google obtains information indicating that any such email address or phone number is unlikely to reach a defendant, it shall promptly advise the Court.

Having resolved this motion, the Court now directs the Clerk of the Court to issue the proposed summons. *See* Dkt. Nos. 2, 14.

Google shall file proof of service of the complaint and summons promptly after such service has been accomplished.

The motion hearing set for January 9, 2024 is vacated.

**IT IS SO ORDERED.**

Dated: December 21, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

5