COOLEY LLP
TIANA A. DEMAS (*admitted pro hac vice*)
tdemas@cooley.com
110 N. Wacker Drive, Suite 4200
Chicago, Illinois 60606-1511
Telephone: +1 312-881-6500
Facsimile: +1 312-881-6598

REBECCA GIVNER-FORBES (*admitted pro hac vice*)
rgf@cooley.com
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

JUDD D. LAUTER (CA Bar No. 290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1–3,<br><br>Defendants. | Case No. 5:23-cv-05823-VKD<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date: February 13, 2024<br>Time: 1:30 PM<br>Dept: San Jose<br>Judge: Virginia K. DeMarchi |

Plaintiff Google LLC ("Google") submits this Separate Case Management Statement under the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

### A. Subject-Matter Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, as this action arises under the federal Lanham Act, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act"). The Court has supplemental jurisdiction over Google's claim for breach of contract under California law pursuant to 28 U.S.C. § 1367.

### B. Personal Jurisdiction and Venue

The Court has personal jurisdiction over Defendants because they agreed to Google's Terms of Service ("ToS"), which require Defendants to submit to the personal jurisdiction of this Court. The Court also has personal jurisdiction over Defendants because they directed their activities at users in the United States and within this district. Additionally, personal jurisdiction over Defendants is proper because they used services of Google and Meta Platforms, Inc. (namely, Facebook) to carry out their unlawful activity, both of which are headquartered in this district.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because: (i) Google is headquartered in this District; (ii) Defendants' conduct is causing injury in this District; and/or (iii) a substantial part of the events or omissions giving rise to Google's claims occurred in this District. In addition, Defendants consented to venue in this District by agreeing to Google's ToS.

As explained below, Defendants have not appeared in this litigation, have not responded to the Complaint, and have not responded to Google's communications concerning this matter. Declaration of Judd D. Lauter ("Lauter Decl.") ¶ 5. As such, there are currently no issues related to personal jurisdiction or venue.

### C. Service

Defendants reside in Vietnam and, possibly, India. As described below, Google moved for authorization to serve Defendants via text and email (ECF No. 15), which was granted on December 21, 2023 (ECF No. 16, the "Order"). Google effected alternative service via email on December 31, 2023 and January 2, 2024. ECF No. 19. has made substantial efforts to notify and serve

Defendants by email and text message.

### 1. Defendants were notified via email.

After filing the Complaint on November 13, 2023, Google delivered documents corresponding to ECF Nos. 1-17, including copies of the Order, Complaint (ECF No. 1), and Summons (ECF No. 17), as well as this Court and District's civil standing orders to Defendants via email on December 31, 2023 and January 2, 2024. *See* Lauter Decl. ¶ 4.

### 2. Defendants have not responded to the Complaint.

Defendants have not appeared in this litigation. Lauter Decl. ¶ 5. Defendants' deadline to respond to the complaint was January 23, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: . . . A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Accordingly, Google will submit an application for entry of default by the Clerk of Court. Google anticipates filing a motion for default judgment soon thereafter.

## II. FACTS

Defendants operate a malware scheme whereby they purport to offer Facebook users "free" or unreleased Google AI products via links that, in reality, install malicious code. *See* generally Complaint, ECF No. 1. To accomplish this, Defendants create the false impression that they are associated with Google by prominently displaying Google trademarks and other branding indicia on Facebook pages, posts, and advertisements that they control and which link to Defendants' malware, and by using Google services, namely, Google Sites and Google Drive, in those link addresses. *Id*. at ¶¶ 32-37, 46-47. These acts constitute infringement of Google's well-known trademarks and violations of Google's ToS. *Id.* at ¶¶ 60-85.

Defendants' fraudulent and illegal activities have caused financial harm to Google, including by interfering with Google's relationships with its users (and potential users), harming Google's reputation, and forcing Google to investigate and remediate Defendants' harmful activities. *Id*. at ¶¶ 58-59, 65-66, 76-78.

On November 13, 2023, Google filed this lawsuit seeking injunctive relief and damages for Defendants' infringement of Google's trademark rights and for breach of Google's ToS. Google

did so in order to disrupt Defendants' deception of the public, protect Google's reputation, prevent Defendants from causing further harm, and to raise public awareness of Defendants' scam and other similar online scams.

After receiving the Court's authorization to serve Defendants via email and text message, Google effected alternative service via email on December 31, 2023 and January 2, 2024. ECF No. 19. Google was unable to effect service via text message because the telephone numbers associated with Defendants were disabled. *Id.*

In view of Defendants' failure to appear or respond to the Complaint, there are no principal factual issues in dispute.

### III.   LEGAL ISSUES

Given Defendants' failure to respond to the Complaint, there are no disputed legal issues at this time.

### IV.   MOTIONS

Google previously filed a motion for alternative service, which the Court granted (ECF Nos. 15 (motion), 16 (order)).  There are no pending motions. Google anticipates filing an application for entry of default followed by a motion for default judgment.

### V.   AMENDMENT OF PLEADINGS

Google does not at this time expect to add any parties, claims, or defenses. In accordance with Fed. R. Civ. P. 15(a), and given that Defendants have not served a responsive pleading, Google proposes that no deadline for amending the pleadings be set at this time.

### VI.   EVIDENCE PRESERVATION

Google has reviewed the ESI Guidelines and is taking reasonable and proportionate steps to preserve evidence relevant to the reasonably evident issues in this action. Google has not met and conferred with Defendants about evidence preservation because Defendants have neither appeared nor replied to any of Google's communications. Lauter Decl. ¶ 5.

### VII.   DISCLOSURES

Defendants have not appeared in this action or responded to the Complaint. Google therefore believes initial disclosures under Fed. R. Civ. P. 26 would be premature.

**VIII.  DISCOVERY**

No discovery has been taken to date. In view of Defendants' failure to appear in this litigation or respond to the Complaint, a proposed discovery plan would be premature.

**IX.  CLASS ACTIONS**

Not applicable.

**X.  RELATED CASES**

Not applicable.

**XI.  RELIEF**

Google seeks the following relief:

- Judgment against Defendants that Defendants infringed Google's rights in certain registered trademarks under 15 U.S.C. § 1114(1), and certain registered and unregistered trademarks under 15 U.S.C. § 1125(a).
- That the Court issue a permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:
    - Engaging in any infringing activity including advertising, selling, and offering for sale any goods or services in connection with the Google Marks or any confusingly similar mark, whether occurring online or in connection with physical advertising, products, and services;
    - Creating or maintaining any social media accounts, including any Facebook accounts, that incorporate the Google Marks in their profile names, handles, and profile images, or otherwise display the Google Marks in a manner likely to cause confusion about the source of the account or any of its posts or advertisements;
    - Registering, using, or trafficking in any domain name that is identical or confusingly similar to any of the Google Marks;
    - Operating or maintaining any websites that display content that infringes the Google Marks; and

- Creating or maintaining any Google accounts or otherwise accessing Google services in violation of Google's TOS.
- That Google be awarded damages for Defendants' trademark infringement and that these damages be trebled due to Defendants' willfulness, in accordance with 15 U.S.C. § 1117.
- That Google be awarded all profits resulting from Defendants' infringement of Google's rights and by means of Defendants' illegal acts.
- That Defendants be ordered to account for and disgorge to Google all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of herein.
- That Google be awarded pre-judgment and post-judgment interest;
- That Google be awarded attorney's fees on the ground that this is an exceptional case; and
- That Google be granted such further relief as the Court may deem just and equitable.

## XII. SETTLEMENT AND ADR

In view of Defendants' failure to appear in this litigation or respond to the Complaint, Google does not believe settlement is feasible, and the parties have not conferred in an attempt to agree on an ADR process in accordance with ADR L.R. 3-5.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Google consented to proceeding before Judge DeMarchi on November 27, 2023 (ECF No. 12). Google does not know if Defendants consent to a magistrate judge because Defendants have neither appeared nor responded to any of Google's communications.

## XIV. OTHER REFERENCES

This case is not suitable for reference.

## XV. NARROWING OF ISSUES

In view of Defendants' failure to appear in this litigation or respond to the Complaint, the issues cannot be narrowed by agreement at this time.

### XVI. EXPEDITED TRIAL PROCEDURE

Google does not believe this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64. As indicated above, Google intends to submit an application for entry of default, followed by a motion for default judgment.

### XVII. SCHEDULING

In view of Defendants' failure to appear in this litigation or respond to the Complaint, Google does not believe a case schedule is necessary at this time.

### XVIII. TRIAL

In view of Defendants' failure to appear in this litigation or respond to the Complaint, Google does not believe a trial plan is necessary. Should trial become necessary, Google requests a jury trial and anticipates a two-to-three-day trial.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Google filed its Certificate of Interested Entities on November 13, 2023 (ECF No. 3). Google hereby restates the contents of that Certificate: additional interested parties are XXVI Holdings Inc., Holding Company of Google LLC, and Alphabet Inc., and Holding Company of XXVI Holdings Inc.

### XX. PROFESSIONAL CONDUCT

All attorneys of record for Google have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. OTHER

Google intends to secure the just, speedy, and inexpensive disposition of this matter with a motion for default judgment.

Dated: February 6, 2024

COOLEY LLP

By: */s/ Judd D. Lauter*
    Judd D. Lauter
    Tiana A. Demas
    Rebecca Givner-Forbes

Attorney for Plaintiff
GOOGLE LLC