COOLEY LLP
TIANA A. DEMAS (*admitted pro hac vice*)
tdemas@cooley.com
110 N. Wacker Drive, Suite 4200
Chicago, Illinois 60606-1511
Telephone: +1 312-881-6500
Facsimile: +1 312-881-6598

REBECCA GIVNER-FORBES (*admitted pro hac vice*)
rgf@cooley.com
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

JUDD D. LAUTER (CA Bar No. 290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1–3,<br><br>　　　　　　　Defendants. | Case No. 5:23-cv-05823-VKD<br><br>**PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK UNDER FRCP 55(a)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Google LLC respectfully requests that the Clerk enter default against Defendants John Does 1-3. As described in the accompanying declaration of Judd Lauter, Google served Defendants with the complaint and accompanying documents by January 2, 2024. Defendants' deadline to respond to the complaint was January 23, 2024. Defendants have not appeared or responded. Accordingly, Google requests that the Clerk enter default against Defendants.[1]

Dated: February 21, 2024                                         COOLEY LLP

By: /s/ Tiana A. Demas
Tiana A. Demas
Judd D. Lauter
Rebecca Givner-Forbes

Attorney for Plaintiff
GOOGLE LLC

---

[1] Google observes that "under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for 'dispositive decisions.'" *Cantu v. Doe*, No. 1:20-CV-00386-JDP, 2020 WL 5411853, at *3 (E.D. Cal. Sept. 9, 2020) (citing *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017)).  As noted above, Defendants have not appeared, and they have not responded to the Complaint. Because "[n]o defendant has appeared or consented to a magistrate judge's jurisdiction in this case" any judgment must be entered by an Article III judge.  *Cantu v. Doe*, No. 1:20-CV-00386-JDP, 2020 WL 5411853, at *3 (E.D. Cal. Sept. 9, 2020).  *But see*, *Geppert v. Doe 1*, No. 23-CV-03257-SVK, 2023 WL 5804156, at *1 (N.D. Cal. Sept. 7, 2023) (explaining that "[s]uch placeholder Doe defendants are not 'parties' for purposes of assessing whether there is complete consent to magistrate judge jurisdiction").