COOLEY LLP
TIANA DEMAS (*admitted pro hac vice*)
tdemas@cooley.com
110 N. Wacker Drive, Suite 4200
Chicago, Illinois 60606-1511
Telephone: +1 312-881-6500
Facsimile: +1 312-881-6598

REBECCA GIVNER-FORBES (*admitted pro hac vice*)
rgf@cooley.com
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

JUDD D. LAUTER (CA Bar No. 290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>DOES 1–3,<br><br>    Defendants. | Case No. 5:23-cv-05823-VKD<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DOES 1-3**<br><br>Date: May 14, 2024<br>Time: 10:00 a.m.<br>Dept: Courtroom 2 – 5th Floor<br>**JUDGE: HON. VIRGINIA K. DEMARCHI** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on May 14, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard before Virginia K. DeMarchi in Courtroom 2 at 280 South 1st Street, 5th Floor, San Jose, CA 95113, Plaintiff Google LLC will move this Court to enter default judgment under Rule 55(b) against Defendants John Doe 1-3, who control the email accounts email accounts caldwellroxie27@gmail.com, shubhamkumar40469@gmail.com, marketingmymine@gmail.com, nguyentshoppi1@gmail.com, and nguyenthianhquyen071992@gmail.com. This motion is based upon this notice, the following memorandum of points and authorities, the pleadings and papers on file, all other matters of which the Court may take judicial notice, and oral argument of counsel.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants John Doe 1-3 ("Defendants") have failed to appear in this case or respond to Google's allegations that Defendants engaged in trademark infringement and violated Google's Terms of Service by using Google's services, as well as services provided by others. The Clerk entered default on February 23, 2024 (ECF No. 23), and Google now respectfully requests that the District Judge[1] enter default judgment under Rule 55(b).

## II. BACKGROUND

Defendants are three individuals whose identities are unknown, who control the email accounts caldwellroxie27@gmail.com, shubhamkumar40469@gmail.com, marketingmymine@gmail.com, nguyentshoppi1@gmail.com, and nguyenthianhquyen071992@gmail.com, who are located in Vietnam (and, possibly, India), and who pretend to be affiliated with Google on social media pages, posts, and advertisements to trick members of the public into downloading malware. ECF No. 1 ("Compl.") ¶¶ 32-45. Specifically, Defendants control a number of social media pages under names such as "Google AI," "AIGoogle," "AiGoogle," and "AIGoogle.Plus," among others. Defendants use those pages to publish advertisements and other posts inviting users to download "free" and/or unpublished versions of Google artificial intelligence ("AI") software. *Id*. Each such advertisement or post directs victims to Google Drive links and Google Sites websites controlled by Defendants, from which "Google" AI products supposedly can be downloaded. *Id.* ¶¶ 37-40. In reality, downloading files from Defendants' Google Drive links and websites causes malware to install on the user's device. *Id.* ¶ 40. This malware collects and sends the users' social media login credentials to Defendants, which then enables Defendants to access and manipulate the victims' accounts to further their malware campaign. *Id*. Defendants' conduct violates Google's trademark rights and breaches its Terms of Service, *id.* ¶¶ 60-85, acts which have caused financial harm to Google, including by harming Google's reputation, and forcing Google to investigate and remediate Defendant's harmful

---

[1] Because "[n]o defendant has appeared or consented to a magistrate judge's jurisdiction in this case" any judgment must be entered by an Article III judge. *Cantu v. Doe*, No. 1:20-CV-00386-JDP, 2020 WL 5411853, at *3 (E.D. Cal. Sept. 9, 2020).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

1  activities.

2        On November 13, 2023, Google filed a complaint in this court against Defendants alleging infringement of Google's registered trademarks under 15 U.S.C. § 1114; infringement of Google's common law trademark rights under 15 U.S.C. § 1125(a); and breach of contract under California state law. *Id*. Google filed the complaint to, *inter alia*, protect victims from Defendants' fraudulent scheme, disrupt Defendants' activities, prevent Defendants from causing further harm to Google and the public, and to raise public awareness of these and similar online scams.

      On December 29, 2023 and January 2, 2024, Google served Defendants via five Gmail accounts—caldwellroxie27@gmail.com, shubhamkumar40469@gmail.com, marketingmymine@gmail.com, nguyentshoppi1@gmail.com, and nguyenthianhquyen071992@gmail.com—as authorized by the Court. *See* ECF Nos. 15-16. All of the accounts remain active. Declaration of Judd Lauter in Support of Motion for Default Judgment ("Lauter Decl."), ¶¶ 3-4, Exs. 1-5. Moreover, Google has observed that two of those accounts—marketingmymine@gmail.com and nguyentshoppi1@gmail.com—have been accessed on multiple occasions since that time. Declaration of Judd Lauter in Support of Motion for Default Judgment *Id*., Exs. 4-5.

      To date, Defendants have not answered or otherwise responded to the complaint. The Clerk entered default on February 23, 2024. ECF No. 23.

## III.  ARGUMENT

      When evaluating a motion for default judgment, courts in the Ninth Circuit consider seven factors, commonly known as the *Eitel* factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When assessing these factors, courts accept well-pleaded allegations as true, with the exception of allegations regarding the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

Where, as here, a defendant engages in trademark infringement and/or violates an internet platform's terms of service and fails to appear in court, the *Eitel* factors strongly favor default judgment. *See, e.g.*, *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (granting motion for default judgment against a software developer who engaged in willful trademark infringement and breached Craigslist's terms of use by posting unauthorized ads); *Facebook, Inc. v. Kokhtenko*, No. 21-CV-03036-YGR (LB), 2021 WL 7448619, at *6 (N.D. Cal. Dec. 3, 2021), *report and recommendation adopted as modified*, No. 21-CV-03036-YGR, 2022 WL 1195439 (N.D. Cal. Feb. 18, 2022) (granting motion for default judgment against a counterfeit luxury goods retailer who sold products on Facebook in violation of its terms of service).

### A. Failure to grant default judgment would cause prejudice to Google (first *Eitel* factor).

Absent default judgment, Google would be prejudiced because it would be without recourse if Defendants create new infringing and deceptive social media pages that promote links to malware using Google's trademarks. To date, third-party providers have voluntarily taken down Defendants' illicit social media pages at Google's request. However, this may not be the case in the future, and Google will need to seek appropriate injunctive relief. Absent a default judgment, Google would have no way to prevent Defendants from infringing its trademarks and victimizing others by inducing them to download malware (which Defendants falsely represent to be Google AI services such as Bard). In addition, Google will be prejudiced absent a default judgment because Defendants have not participated in this litigation, and Google "would be without recourse for the harm already inflicted by [Defendants] and to prevent future infringement." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1094 (N.D. Cal. 2014). *See also GS Holistic, LLC v. Maharjan*, No. 23-CV-00750-SVK, 2024 WL 1007422, at *4 (N.D. Cal. Feb. 7, 2024) (same); *Craigslist*, 694 F. Supp. 2d at 1054 (holding failure to enter default judgment would leave plaintiff with no means to prevent further infringement and would cause substantial harm).

### B. Google's claims are meritorious and sufficiently pleaded (second and third *Eitel* factors).

Google's trademark infringement and breach of contract claims are meritorious and legally sufficient. *See e.g.*, *Meta Platforms, Inc. v. Arowokoko*, 2023 WL 3035454, at *8 (N.D. Cal. Feb.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

24, 2023) (recommending entry of default on trademark infringement and breach of contract claims), *report and recommendation adopted*, 2023 WL 4013626 (N.D. Cal. May 9, 2023); *Yelp*, 70 F. Supp. 3d at 1094 (N.D. Cal. 2014); *Craigslist,* 694 F. Supp. 2d at 1061 (N.D. Cal. 2010); *Kokhtenko,* 2021 WL 7448619, at *6 (granting motion for default judgment based on an alleged violation of Facebook's terms of service).

**Trademark Infringement:** To establish infringement of a registered trademark under 15 U.S.C. § 1114, a plaintiff must demonstrate ownership of a registered mark and that the defendant is using: "(1) any reproduction, counterfeit, copy or colorable imitation of [the] mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to cause a mistake or to deceive." *Gucci Am. v. Wang Huoqing*, No. C-09-05969 JCS, 2011 WL 31191, at *9 (N.D. Cal. Jan. 3, 2011) (citing Lanham Act 15 U.S.C. § 1114(1). "The same—or nearly identical—standard applies" to trademark infringement claims under 15 U.S.C. § 1125(a), excepting the registered mark requirement. *Meta Platforms*, 2023 WL 3035454, at *5.

Here, Google owns multiple federal trademark registrations for the GOOGLE word mark and variations thereof, ECF No. 1, Ex. B, and "G" logo (the "G Logo"), *id*., Ex. C, as well as common law rights thereto. These registrations are "prima facie evidence of the validity of the registered mark[s] and of [Google's] exclusive right" to their use. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999). Google also owns unregistered common law trademark rights in the Google AI logo, which it has used to promote its AI offerings since at least as early as May 2018, Compl. ¶ 26, and the word mark BARD, which Google had used as the name of its highly publicized chatbot beginning in February 2023[2]. *Id*. ¶¶ 30-31.

Defendants used each of these marks without Google's authorization to promote links purporting to provide access to Google software. For example, Defendants displayed numerous versions of the registered GOOGLE word mark and logo on Facebook pages and advertisements. Comp. ¶¶ 6, 33-34. This includes use of the GOOGLE mark in domain names displayed on those

---

[2] Google recently changed the name of its flagship AI chatbot from Bard to Gemini; however, the consuming public still associates the BARD mark with Google and Google maintains rights in the same.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

pages and ads. *Id.* ¶¶ 36, 45. Defendants also made prominent uses of the G Logo, Compl. ¶¶ 6, 34 (using variations of the G Logo as primary Facebook page images), Google AI Logo, *id.* 34 (prominently displaying images of marketing materials featuring the logo), and BARD word mark. *Id.* ¶¶ 6, 37 (naming Facebook page "AIGoogleBard" and superimposing "Bard AI" over an image promoting downloads for "GoogleAI.Plus").

Using Google's trademarks in this manner is likely to—indeed is undertaken with obvious *intent* to—cause consumer confusion. Courts in the Ninth Circuit generally use the eight factors identified in *AMF, Inc. v. Sleekcraft Boats* to determine whether consumer confusion is likely. 599 F.2d 341, 349 (9th Cir. 1979). However, "[w]hen [a defendant] knowingly adopts a mark similar to [the plaintiff's], reviewing courts presume that the defendant can accomplish [its] purpose: that is, that the public will be deceived." *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1076 (9th Cir. 2006) (citation omitted). *See also Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 2012 WL 2343670, at *14 (N.D. Cal. June 20, 2012) (observing that imitation marks are inherently confusing). Here, Defendants' intent is unmistakable: their social media pages, posts, and advertisements were larded with imitations of various famous and well-known Google trademarks, and even utilized Google services, such as Google Drive and Gmail, in furtherance of their deception. *See* Compl. ¶¶ 32-45. *See e.g., Yelp*, 70 F. Supp. 3d at 1097 (finding allegations of intent sufficient and granting default judgment); *Zynga Game Network, Inc. v. Goh*, 2011 WL 13376996, at *11 (N.D. Cal. Feb. 14, 2011), *report and recommendation adopted,* 2011 WL 13376997 (N.D. Cal. Mar. 1, 2011) (same).

It is therefore highly likely that consumers have fallen victim to Defendants' malware scheme under the mistaken belief that Defendants' Facebook pages and posts originated from Google or had been made on Google's behalf. *Id.* Defendants' actions thus constitute willful trademark infringement of Google's asserted registered marks under 15 U.S.C.§ 1114 and both its registered and common law marks under 15 U.S.C. § 1125(a). Google's trademark infringement claim is meritorious and legally sufficient.

**Breach of Contract:** Under California law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

(3) defendant's breach, and (4) resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Each element is satisfied here.

*First*, a valid contract exists between Google and Defendants because Defendants agreed to be bound by Google's ToS and related policies. ECF No. 1 ¶¶ 46-59; s*ee Facebook, Inc. v. Grunin*, 77 F. Supp. 3d 965, 970 (N.D. Cal. 2015) (finding that the defendant agreed to Facebook's terms of service when he created an account and accessed its services).

*Second*, Google performed its obligations under its ToS and related policies by providing to Defendants Google Drive and Gmail services, among others.

*Third*, Defendants breached numerous provisions of the ToS and related policies. Among other things, the Google ToS prohibits users from "abus[ing], harm[ing], interfer[ing] with, or disrupt the services—for example, by accessing or using them in fraudulent or deceptive ways, introducing malware, or spamming, hacking, or bypassing our systems or protective measures." ECF No. 1, ¶ 52. Google's Abuse Program Policies & Enforcement, which is incorporated within the Google ToS, also prohibits phishing and imitation of others. *Id*. ¶¶ 54-55. Defendants violated these provisions by carrying out their unlawful and fraudulent scheme using Google's services. *Id*. ¶¶ 57, 81-85.

*Fourth*, Defendants' activities harmed Google, including by threatening its reputation, and forcing it to investigate and remediate Defendants' unlawful conduct. *Id*. ¶¶ 58-59. Google's breach of contract claim is meritorious and legally sufficient.

### C. There is no money at stake (fourth *Eitel* factor).

Under the fourth *Eitel* factor, a "[c]ourt must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *Tech. LED Intell. Prop., LLC v. Revogi*, LLC, No. 18-CV-03827-JSC, 2019 WL 2716610, at *4 (N.D. Cal. June 27, 2019) (citing *Eitel*, 782 F.2d at 1471-72). Default judgment is appropriate where "the sum of money at stake is tailored to the specific misconduct of the defendant." *Bd. of Tr. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *1, *4 (N.D. Cal. Jan. 7, 2012). Here, although Google is entitled to monetary relief, it seeks only an injunction. Accordingly, this factor strongly favors entry of default. See *Meta Platforms*, 2023 WL 3035454, at *8.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

**D.     There is no possibility of a dispute concerning any material fact (fifth *Eitel* factor).**

No facts are disputed in this matter. Google has presented detailed allegations regarding Defendants' infringement of Google's trademarks and their breach of Google's ToS and related policies to carry out their malware scam. Even if Defendants appeared in this action, it is highly unlikely that Defendants could dispute these facts. *See, e.g.*, *Craigslist,* 694 F. Supp. 2d at 1061 (possibility of a dispute unlikely); *Meta Platforms*, 2023 WL 3035454, at *8 (same).

**E.     Defendants' default is not due to excusable neglect (sixth *Eitel* factor).**

Defendants' default did not result from excusable neglect. In *Eitel,* the defendant's late response constituted excusable neglect because the defendant reasonably believed the litigation had ended. *See id.* at 1472. Here, by contrast, Defendants have neither responded nor demonstrated that their failure to respond is the result of excusable neglect. Google properly served Defendants via five separate Gmail accounts. *See* ECF Nos. 15-16. Each of those accounts remains active and two of the accounts have been repeatedly accessed since service was completed on January 2, 2024. Lauter Dec., ¶¶ 3-4, Ex. 4-5.  These facts indicate that Defendants had no intention of responding within a reasonable time (or responding at all), a hallmark of *inexcusable* neglect.

**F.     The *Eitel* factors outweigh the federal policy that favors a decision on the merits (seventh *Eitel* factor).**

Although default judgment is disfavored, "[t]he very fact that F.R.C.P. 55(b) exists shows that this preference, standing alone, is not dispositive." *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996); *see Future Motion, Inc. v. Doe*, 2021 WL 8153617, at *10 (N.D. Cal. Dec. 17, 2021), *report and recommendation adopted*, 2022 WL 1195438 (N.D. Cal. Jan. 27, 2022) (entering default judgment against Doe defendant identified by email addresses). Here, the *Eitel* factors strongly favor default judgment and outweigh the federal policy favoring decisions on the merits. Courts in this district frequently permit default judgment in cases where, as here, a party engages in trademark infringement and abuse of an internet platform and then fails to defend against an action. *See, e.g.*, *Craigslist*, 694 F. Supp. 2d at 1061 (stating that where a defendant's failure to appear makes a decision on the merits impossible, default judgment is warranted); *Meta Platforms*, 2023 WL 3035454, at *8 (same), *report and recommendation*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD

*adopted*, 2023 WL 4013626 (N.D. Cal. May 9, 2023); *Yelp*, 70 F. Supp. 3d at 1094 (N.D. Cal. 2014). *See also*, *Google LLC v. Starovikov*, 2022 WL 4592899 *4 (S.D.N.Y 2022) (entering default against unidentified Doe defendants); *Strike 3 Holdings LLC v. Doe*, 2022 WL 4109627 (E.D. Va. 2022) (same); *Microsoft Corp. v. John Does 1-8*, 2015 WL 4937441 *12 (E.D. Va. 2015) (same).

## IV. **CONCLUSION**

Google respectfully requests that the Court enter default judgment against Defendants under Rule 55(b).

Dated: April 12, 2024                                COOLEY LLP

                                                     By: */s/ Judd Lauter*
                                                         Tiana Demas
                                                         Judd Lauter
                                                         Rebecca Givner-Forbes

                                                     Attorney for Plaintiff
                                                     GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT
CASE NO. 5:23-CV-05823-VKD